UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JEROME POTASH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:11-cv-00770-RCJ-WGC |
| vs. | ) | |
| | ) | |
| BANK OF NEW YORK MELLON et al., | ) | ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a standard foreclosure case involving one property. The Complaint filed in state court lists three causes of action: (1) Unlawful or Fraudulent Foreclosure; (2) Declaratory Relief; and (3) Injunctive Relief. The case is not part of Case No. 2:09-md-02119-JAT in the District of Arizona but appears eligible for transfer. Defendants LSI Title Co., Inc. ("LSI Title") and Bank of New York Mellon ("Mellon") have separately moved to dismiss. Plaintiff has twice moved to remand. For the reasons given herein, the Court grants the motions to remand and denies all other motions for lack of jurisdiction.

I.  THE PROPERTY

Jerome Potash gave lender MLSG, Inc. a $156,000 promissory note secured by a deed of trust ("DOT") against real property located at 3770 Peregrine Cir., Reno, NV 89506 (the "Property"). (*See* DOT 1–3, Mar. 21, 2005, ECF No. 7-1). First American Title was the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") was the lender's "nominee." (*See id.* 2). MERS assigned the note and DOT to Mellon, as trustee for a mortgage-backed security. (*See* Assignment, June 30, 2011, ECF No. 7-2). Bank of America, N.A. ("BOA"), as "attorney

in fact" for Mellon, substituted National Default Servicing Corp. ("NDSC") as trustee. (*See* Substitution, Aug. 27, 2011, ECF No. 7-3). LSI Title filed the notice of default ("NOD") as agent for NDSC based on a default on the DOT of $9536.75 as of February 5, 2010. (*See* NOD, Feb. 5, 2010, ECF No. 7-4). The foreclosure appears to have been statutorily improper. *See* Nev. Rev. Stat. § 107.080(2)(c). No request was made under the state Foreclosure Mediation Program or Plaintiff waived mediation. (*See* FMP Certificate, May 3, 2010, ECF No. 1-2, at 63). A trustee's sale was scheduled for October 3, 2011 by NDSC. (*See* Notice of Trustee's Sale, Sept. 7, 2011, ECF No. 7-5).

## II. ANALYSIS

Assembly Bill 284 ("AB 284") does not apply to this foreclosure. The only assignment was made before October 1, 2011, and the notice of default was also filed before that date. On May 20, 2011, the Governor approved Assembly Bill 284, which, *inter alia*, added the following conditions to a trustee's sale under NRS section 107.080(2)(c):

> The beneficiary, the successor in interest of the beneficiary or the trustee first executes and causes to be recorded in the office of the recorder of the county wherein the trust property, or some part thereof, is situated a notice of the breach and of the election to sell or cause to be sold the property to satisfy the obligation; **which, except as otherwise provided in this paragraph, includes a notarized affidavit of authority to exercise the power of sale stating, based on personal knowledge and under the penalty of perjury:**
>
> **(1) The full name and business address of the trustee or the trustee's personal representative or assignee, the current holder of the note secured by the deed of trust, the current beneficiary of record and the servicers of the obligation or debt secured by the deed of trust;**
>
> **(2) The full name and last known business address of every prior known beneficiary of the deed of trust;**
>
> **(3) That the beneficiary under the deed of trust, the successor in interest of the beneficiary or the trustee is in actual or constructive possession of the note secured by the deed of trust;**
>
> **(4) That the trustee has the authority to exercise the power of sale with respect to the property pursuant to the instruction of the beneficiary of record and the current holder of the note secured by the deed of trust;**

> **(5) The amount in default, the principal amount of the obligation or debt secured by the deed of trust, a good faith estimate of all fees imposed and to be imposed because of the default and the costs and fees charged to the debtor in connection with the exercise of the power of sale; and**
>
> **(6) The date, recordation number or other unique designation of the instrument that conveyed the interest of each beneficiary and a description of the instrument that conveyed the interest of each beneficiary.**

Assemb. B. 284 § 9, 76th Leg., Reg. Sess. (Nev. 2011) (emphasis added). The emphasis in the above quotation indicates the added language. The amendments were originally to become effective on July 1, 2011, *see id.* § 15, and were to apply to all notices of default filed on or after that date, *see id.* § 14.5(4). However, on June 20, 2011, the Governor approved Assembly Bill 273, which amended the effective date of Assembly Bill 284 to October 1, 2011 and amended § 14.5 of the bill to provide that the amendments to NRS section 107.080 would apply only to notices of default filed on or after October 1, 2011. *See* Assemb. B. 273 § 5.9, 76th Leg., Reg. Sess. (Nev. 2011). Furthermore, Chapter 106 requires the recordation of any assignments of debt secured by a deed of trust before a trustee's sale may occur:

> Any assignment of a mortgage of real property, or of a mortgage of personal property or crops recorded prior to March 27, 1935, and any assignment of the beneficial interest under a deed of trust must be recorded, **in the office of the recorder of the county in which the property is located**, and from the time any of the same are so filed for record shall operate as constructive notice of the contents thereof to all persons. **A mortgage of real property, or a mortgage of personal property or crops recorded prior to March 27, 1935, which has been assigned may not be enforced unless and until the assignment is recorded pursuant to this subsection. If the beneficial interest under a deed of trust has been assigned, the trustee under the deed of trust may not exercise the power of sale pursuant to NRS 107.080 unless and until the assignment is recorded pursuant to this subsection.**

Assemb. B. 284 § 1, 76th Leg., Reg. Sess. (Nev. 2011) (emphases added). The emphasis in the above quotation indicates the added language. Like the amendments to NRS section 107.080, the amendments to NRS section 106.210 were originally to go into effect on July 1, 2011. *See id.* § 15. However, Assembly Bill 273 changed the effective date of the amendment to October 1,

2011 and also amended the application of the recordation requirement to assignments made on or after October 1, 2011. *See* Assemb. B. 273 § 5.9, 76th Leg., Reg. Sess. (Nev. 2011).

The foreclosure in this case appears to have been statutorily improper. First, both the assignment of beneficial interest and the substitution of trustee were filed after the NOD. NDSC filed the NOD well over a year before the party that later purported to substitute NDSC as trustee even purported to receive the beneficial interest. Second, BOA purported to substitute NDSC as "attorney in fact" for Mellon, but there is no evidence of BOA's agency on behalf of Mellon apart from BOA's own statement on the substitution. Third, LSI Title purported to file the NOD as NDSC's agent, but again, there is no external evidence of LSI's agency. The Court will deny the motions to dismiss, however, not on the merits, but for lack of subject matter jurisdiction.

Plaintiff argues that federal jurisdiction is lacking because there is no federal cause of action pled and a lack of complete diversity. It is clear there is no federal cause of action, and the National Bank Act does not preempt the claims. Plaintiff alleges that Defendants MLSG and Ticor Title of Nevada are Nevada citizens and that their presence therefore destroys complete diversity. It is clear under state law that there is no legitimate claim against MLSG, the lender, who has no connection whatever to the foreclosure. It is therefore fraudulently joined, and its citizenship is irrelevant to diversity. Plaintiff also argues, however, that Ticor Title of Nevada executed the NOD. It appears that "Ticor Title - Reno" is the entity that actually caused the NOD to be recorded, though it did not itself execute the NOD. (*See* NOD 1). This is enough to implicate Ticor Title in the statutorily improper foreclosure, and Ticor Title of Nevada is in fact a domestic corporation. *See* Nevada Secretary of State, Nevada Business Search (Mar. 2, 2012, 11:25 AM), http://nvsos.gov/ sosentitysearch/CorpSearch.aspx. The Court will therefore grant the motions to remand.

Finally, Plaintiff argues that his declaratory relief claim cannot be heard in federal court because it concerns issues of state law. The Court rejects this argument. If there were diversity

1 | or supplemental jurisdiction over the state law claims, the Court could address them.

2 | **CONCLUSION**

3 | IT IS HEREBY ORDERED that the Motions to Remand (ECF Nos. 3, 20) are
4 | GRANTED, and the case is REMANDED.

5 | IT IS FURTHER ORDERED that the Motions to Dismiss (ECF Nos. 7, 30) are DENIED.

6 | IT IS FURTHER ORDERED that the Motion to Certify (ECF No. 41) and the Motion to
7 | Intervene (ECF No. 42) are DENIED.

8 | IT IS FURTHER ORDERED that the Clerk shall close the case.

9 | IT IS SO ORDERED.

10 | Dated this 11th day of May, 2012.

11 | _____
12 | ROBERT C. JONES
   | United States District Judge